*TAGGED OPINION*



**ORDERED in the Southern District of Florida on January 4, 2019.**

Laurel M. Isicoff
Chief United States Bankruptcy Judge

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

IN RE:                                                              CASE NO. 17-21187-BKC-LMI

Brenda Diana Nestor,                                    Chapter 11

        Debtor.
_____/
Angela R Garrett,                                          ADV. CASE NO. 17-01485-BKC-LMI

        Plaintiff,
vs.

Brenda Nestor Associates Inc., et al.,

        Defendants.
_____/

### ORDER GRANTING BRENDA NESTOR'S MOTION FOR RELIEF FROM ORDER AND VACATING DEFAULT JUDGMENT

This matter came before the Court for hearing on November 28, 2018 at 2:30 p.m. on

*Brenda Nestor's Motion for Relief From Order Granting In Part And Denying In Part Plaintiff's*

*Motion For Court Default And Default Judgment (Doc 88), to set aside Default, and Default Judgment, and To Reopen the Evidence* (ECF #94) (the "Motion to Vacate"). For the reasons stated below, the Motion is GRANTED and the Default Judgment (ECF #88) is VACATED.

### Background

The Defendant, Brenda Nestor ("Defendant"), filed a chapter 11 bankruptcy case on August 31, 2017 (the "Petition Date"). On December 18, 2017, the Plaintiff, Angela R. Garrett (the "Plaintiff"), filed this adversary proceeding seeking damages for defamation and intentional infliction of emotional distress as well as non-dischargeability of debt pursuant to 11 U.S.C. §§523(a)(2)(A), (a)(4) and (a)(6) or in the alternative, denial of the Defendant's discharge under 11 U.S.C. §§ 727(a)(3) and 727(a)(4)(A). The Defendant filed a Motion to Dismiss Adversary, or in the Alternative, for More Definite Statement (ECF #16), which the Court granted. *See* Order Granting Motion to Dismiss Adversary Proceeding or in the Alternative for a More Definite Statement (ECF #42). The Plaintiff filed an amended complaint (ECF #44) (the "Amended Complaint")[1] on April 3, 2018; shortly thereafter Defendant's counsel withdrew.

The Defendant failed to file a timely answer or respond to the Amended Complaint. However, on June 26, 2018, the Defendant filed a *pro se* motion which the Court treated as a motion to continue (ECF #67) (the "Motion to Continue") a hearing relating to discovery requests issued by the Plaintiff. The Plaintiff later filed a Motion for Entry of Default by Clerk (ECF #74) on July 30, 2018[2], in response to which the Defendant filed a *pro se* Response (ECF #76) on August 1, 2018 and also a *pro se* Motion to Dismiss (ECF #79) (the "Second Motion to Dismiss")

---

[1] The Court gave the Plaintiff leave to amend the complaint but only with respect to 11 U.S.C. §523(a)(6) and the defamation allegations of the original complaint.
[2] The clerk did not enter a default, because the Plaintiff failed to attach a non-military affidavit to the Motion for Entry of Default by Clerk.

on August 14, 2018. Two days later, the Plaintiff filed a Motion for Default Judgment (ECF #80), which, after hearing, the Court granted in part.[3]

After entry of the Default Judgment, the Defendant hired new counsel, who filed the Motion to Vacate pursuant to Federal Rule of Bankruptcy Procedure 9024, which incorporates Rule 60 of the Federal Rules of Civil Procedure. The Plaintiff filed the Response to Debtors [sic] Request to Set Aside Default (ECF #101) (the "Response")[4]. The Court has considered the Motion to Vacate, the Response, as well as arguments of Defendant's counsel, and based on the foregoing, the Court has determined that the Court has made a mistake of law and therefore it is appropriate to grant the Motion to Vacate, and to vacate the Default Judgment.

## Applicable law

Fed.R.Civ.P. 60(b) states that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect. . . ."[5]

Fed.R.Civ.P. 55(a) states that a default cannot be entered by the clerk unless the party against whom relief is sought has "failed to plead or otherwise defend."[6] The Defendant argues that the default judgment should not have been entered because the Defendant did "plead or

---

[3] *See* Order Granting In Part And Denying In Part Plaintiff's Motion For Court Default And Default Judgment (ECF #88) (the "Default Judgment").

[4] Although the Plaintiff chose not to attend the hearing, the Court reviewed and considered the Response in entering this Order.

[5] Rule 60(c)(1) requires that a "motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Counsel for the Defendant filed the Motion to Vacate less than 30 days after the Court's entry of the Default Judgment, well within the one-year timeframe of Rule 60, accordingly the Court finds that the Motion to Vacate was filed timely.

[6] Though Rule 55(a) states that the clerk must enter a default, a court also has the power to do so. "Since the court has the authority to enter a judgment by default, it impliedly has the power to perform the ministerial function assigned to the clerk of entering default." *Beller & Keller v. Tyler*, 120 F.3d 21, 22 n.1 (2d Cir. 1997)(quoting Moore's Federal Practice § 55.02[3] (2d ed.1983)).

otherwise defend". Fed.R.Civ.P. 55(a)[7]. The Defendant did not "plead"[8]; however the Court finds that the Defendant did "otherwise defend".

The meaning of "or otherwise defend" language of Rule 55(a) is the subject of a circuit split. "A party who is served with a complaint has three options: '[(1)] plead, [(2)] 'otherwise defend' or [(3)] suffer a default,' according to at least a minority of the circuits. Other circuits seem to read Rule 55(a) to offer only two options: (1) plead and otherwise defend or (2) suffer a default." Josiah A. Contarino, *Playing by the Rules: FRCP 55(A) and the Circuit Split Regarding Its Meaning*, 25 Regent U. L. Rev. 209, 213 (2012-2013)(internal citations omitted). The majority view would permit the entry of a default judgment if a defendant failed to appear at trial after answering a complaint – only pleading and defending the action would prevent the default judgment. The minority view "interprets 'or otherwise defend' to encompass attacks on service or motions to dismiss, which prevent default without pleading on the merits." Jessica Ruoff, *Rule 55: Why Broadly Interpreting "Otherwise Defendant" Protects a Diligent Party's Rights and Encourages an Orderly and Efficient Judicial System*, 88 St. John's L. Rev. 467, 483 (2014). The Eleventh Circuit has adopted the minority view and narrowly interprets the "or otherwise defend" language of Rule 55(a); consequently this creates a heavier burden on a plaintiff once a defendant has mounted a defense. *See Solaroll Shade and Shutter Corp., Inc. v. Bio-Energy Systems, Inc.*, 803 F.2d 1130 (1986) ("[A] court can enter a default judgment against a defendant who never

---

[7] "55(a) Entering a Default. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed.R.Civ.P. 55(a).

[8] Plead is defined as: "1. to make a specific plea, esp. in response to a criminal charge. 2. to assert or allege in a pleading. 3. to file or deliver a pleading." *Black's Law Dictionary* 541 (3rd pocket ed. 2006). A pleading is defined as "1. a formal document in which a party to a legal proceeding (esp. in a civil lawsuit) sets forth or responds to allegations, claims, denials, or defenses." *Id.* Fed.R.Civ.P. 7 defines the following as pleadings: (1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an answer. The Defendant did not file any pleadings.

appears or answers a complaint, for in such circumstances the case never has been placed at issue. If the defendant has answered the complaint but fails to appear at trial, issue has been joined, and the court cannot enter a default judgment. However, the court can proceed with the trial. If plaintiff proves its case, the court can enter judgment in its favor although the defendant never participated in the trial.") *Id*. at 1134.

Based upon the Defendant's two motions to dismiss, as well as other actions the Defendant took while *pro se*, the Court finds that the Defendant has satisfied the Eleventh Circuit's narrow interpretation of "or otherwise defend". The Court therefore finds that it should not have entered the Default Judgment.

Accordingly, it is

**ORDERED** as follows:

1. The Motion to Vacate is **GRANTED**.

2. The Default Judgment is **VACATED**.

3. The Defendant shall have 14 days to file a response to the Amended Complaint.

# # #

Copy provided to:

Joel Aresty, Esq.

*Attorney Aresty is directed to serve a copy of this order upon all parties in interest.*